IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LORRAINE M. FIGURES-
YARBROUGH,

           Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,[1]

           Defendant.

Case No. 16-CV-165-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Lorraine M. Figures-Yarbrough, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2]

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill, Acting Commissioner of Social Security Administration, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's April 4, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held May 9, 2014.  By decision dated May 27, 2014, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on February 8, 2016.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the date of alleged onset of disability and 49 on the date of the ALJ's decision  She has a high school education and formerly worked as a home health aide.  She claims to have been unable to work since July 1, 2010 as a result of arthritis, hypertension, pain in neck, back, hands, feet, and hips, depression and anxiety.

## The ALJ's Decision

The ALJ noted that Plaintiff continues to work, earning an amount that just avoids disqualification for benefits due to substantial gainful activity.  The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform work which requires walking and standing for a combined total of 2 hours per 8-hour workday, sitting of 6 hours per 8-hour workday with some additional postural limitations.  She is unable to perform more than occasional overhead reaching and use of foot pedals.  She can perform simple through moderately detailed tasks, and is able to interact with the public.  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert the

ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly consider, weigh, and evaluate the medical evidence; the ALJ failed to consider all of her impairments; and the ALJ failed to perform a proper credibility analysis.

### Analysis

#### Consideration of Medical Evidence

Plaintiff argues that the ALJ failed to properly consider the medical evidence. According to Plaintiff, the ALJ ignored the opinion of her treating physician, Dr. Snider, that she was temporarily totally disabled. Plaintiff also asserts that the ALJ ignored an MRI report and several of Dr. Snider's findings.

On May 3, 2012, Dr. Snider expressed the opinion that Plaintiff was temporarily totally disabled until further notice. [R. 319]. The ALJ's decision does not contain a discussion of that opinion. However, the undersigned finds that omission presents no basis for reversal. Dr. Snider issued his opinion in his initial evaluation of Plaintiff following an April 16, 2012 automobile accident. Dr. Snider said the condition of disability was <u>temporary</u> and, indeed, his subsequent records, those of other doctors, and Plaintiff's activities do not reflect continued disability. On September 24, 2012, Dr. Snider reported Plaintiff had remission of most of her symptoms but was still experiencing some discomfort

3

in the lumbar area. Notably, Dr. Snider did not characterize Plaintiff's "discomfort" as disabling. He noted that she <u>may</u> continue to experience pain and discomfort and speculated that Plaintiff could <u>possibly</u> experience recurrent problems. [R. 300-301]. Under these circumstances, where the treating doctor's opinion about Plaintiff's abilities was expressed as a temporary condition and where the doctor's subsequent records do not reflect continued disability, the ALJ's failure to perform the analysis set out in 20 C.F.R. §§ 404.1527, 416.927 for evaluating opinions is not reversible error.

Plaintiff also states that the ALJ ignored Dr. Snider's x-ray findings. The ALJ did not recite the findings from Dr. Snider's x-rays, but referred to x-rays taken in 2008 and 2009 as well as an MRI dated July 31, 2012. [R. 22]. The x-rays the ALJ cited encompassed the findings Plaintiff asserts the ALJ ignored.

Plaintiff argues that the ALJ erred by failing to state what weight he assigned to the opinions of the state agency physicians regarding her physical limitations. The undersigned finds that the ALJ adequately addressed those opinions. The ALJ noted the opinion of the state agency physicians that Plaintiff could perform medium work, but the ALJ stated he found Plaintiff to be more limited. [R. 23]. Since the ALJ's RFC finding was more favorable to Plaintiff than the opinions of the state agency physicians, this alleged error provides no basis for reversing the ALJ's decision. Plaintiff could not possibly have been prejudiced by the more favorable less strenuous RFC. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012). (finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

In determining whether Plaintiff had "severe" impairments at step two of the evaluative sequence, the ALJ observed that the state agency psychologists found Plaintiff's

4

depression and anxiety to be non-severe. [R. 20, 204, 206]. The ALJ quoted the rationale proffered for that non-severe finding. [R. 20, 206]. The ALJ stated he imposed slight limitations in the RFC for the non-severe conditions. [R. 20]. Indeed, the ALJ limited Plaintiff to the performance of simple through moderately detailed tasks. [R. 21]. Although Plaintiff complains about what amounts to the inadequacy of the ALJ's decision-writing, Plaintiff has not cited any evidence to support her contention she is more limited than the ALJ's RFC. The undersigned observes that the record contains a few notations about mental health treatment in late 2011 and early 2012. Plaintiff was discharged from the clinic because she stopped going to appointments. [R. 240-246, 380, 385-386]. In 2014, a treating doctor recorded Plaintiff had no obvious signs of depression or anxiety. [R. 340]. In addition, Plaintiff testified that she sometimes feels depressed or anxious, but she is able to deal with it. [R. 451]. Based on this evidence, the undersigned finds that the ALJ's mental RFC findings are supported by substantial evidence.

Plaintiff argues that the case should be remanded because the ALJ failed to perform the special technique, known as the psychiatric review technique (PRT) for evaluating mental impairments.[3] The ALJ's discussion of the PRT criteria was not extensive, but PRT factors (activities of daily living, cognitive, and social mental functioning) and the evidence

---

[3] When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

related to them was discussed. [R. 20]. The undersigned finds the discussion was adequate and supported by substantial evidence.

Plaintiff also asserts that the ALJ erred by failing to discuss the medical evidence regarding her headaches, sinus, and eye problems. The record must show the ALJ considered all the evidence, but the ALJ need only discuss the evidence supporting the denial decision, along with any "uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (quotation omitted). Therefore, the failure to discuss a particular finding or report is not fatal if it is not uncontroverted, or not significantly probative

The ALJ acknowledged Plaintiff alleged being unable to work in part due to "an infected tooth, sinus pressure, migraine headaches." [R. 22]. The ALJ observed that following Plaintiff's alleged date of onset of disability and currently Plaintiff worked providing home health care services to her father. The ALJ also stated Plaintiff's description of her alleged impairments was not credible, observing that she has no problems with personal care, she drives, shops, cooks, performs household chores, and walks for exercise in addition to working for her father. The ALJ concluded that the totality of the record is persuasive that Plaintiff's functional limitations are significantly less than alleged. [R. 22-23]. While the ALJ did not specifically discuss the few medical records regarding her sinus problems, headaches, and eye pressure, Plaintiff has not pointed to anything within the medical records related to those problems that suggests an inability to perform work within the ALJ's RFC. In other words, those records are not significantly probative of Plaintiff's ability to perform work-related activities.

In light of the absence of any indication that Plaintiff's sinus-related impairments caused additional functional limitations not addressed in the RFC, the undersigned finds there is no reason to remand the case. The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Further, no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

<u>Consideration of Plaintiff's Impairments</u>

Plaintiff argues that the ALJ erred in failing to address her complaints of hand pain. The ALJ found that pain from a variety of sources (neck, back, hands, feet, and hips) were severe impairments at step two of the evaluative sequence. The ALJ accurately noted Plaintiff had no current regular pain management or therapy for arthritis, that the June 2011 consultative examiner observed normal range of motion in all joints and that Plaintiff could perform fine/gross manipulation bilaterally. [R. 22]. In addition, the ALJ noted Plaintiff's activities and the fact she was currently working, albeit at below the level of substantial gainful activity. [R. 20, 22, 23]. The undersigned finds that, although the ALJ did not discuss the particular medical records dated March 17, 2014 and April 29, 2014 which Plaintiff cited to support her allegations of hand pain, [R. 339, 340, 346, 348], the ALJ's decision demonstrates he considered her allegations of hand pain and the absence of functional limitations related to her hand complaints.

In sum, the undersigned rejects Plaintiff's arguments that the ALJ ignored her impairments and erroneously failed to include limitations from all of her impairments in the

hypothetical question to the vocational expert and in the RFC. The undersigned finds that the ALJ appropriately focused on the functional consequences of her conditions, the undersigned further finds that the RFC is supported by substantial evidence.

### Credibility Determination

There is no merit to Plaintiff's allegation that the ALJ failed to perform a proper credibility analysis. The inclusion of boilerplate language in the decision is not grounds for reversal where, as here, the ALJ provides specific reasons for the credibility determination. *Cf. Boehm v. Astrue*, 2013 WL 541067 at *2 (10th Cir. 2013) (rejecting the same argument advanced in this case in another appeal argued by Plaintiff's counsel), *Polson v. Astrue*, 2013 WL 238849 at *2 (10th Cir. 2013) (same), *Strickland v. Astrue*, 2012 WL 3935755 at *7 (10th Cir. 2012) (same).

The undersigned finds that the ALJ supported his credibility findings and appropriately related them to the record. The ALJ pointed out that Plaintiff continues to work, that there were mostly normal findings on examinations, and Plaintiff's daily activities do not evince an inability to perform work-related activities. [R. 20, 22, 23]. The undersigned is able to follow the ALJ's reasoning and finds that the credibility determination is supported by substantial evidence in the record. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). Furthermore, the existence of evidence in the record that might be considered to be contrary to the ALJ's findings does not deprive

the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 28, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate

the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 28, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate

the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 28, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate

review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

   DATED this 14th day of March, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE