# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORRAINE M. FIGURES-YARBROUGH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-CV-165-GKF-FHM |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,[1] | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is the Report and Recommendation [Doc. No. 15] of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying Social Security disability benefits to plaintiff Lorraine M. Figures-Yarbrough ("Plaintiff"), and the Objections thereto [Doc. No. 16]. The Magistrate Judge recommends the Commissioner's decision be affirmed. For the reasons set forth below, the court agrees, the objections are overruled, and the Report and Recommendation is adopted.

## I. Procedural Background

On April 4, 2011, Plaintiff applied for disability insurance benefits and supplemental security income based upon disability beginning July 1, 2010. The SSA denied that application both initially and on reconsideration. As a result, Plaintiff requested and received a hearing before Administrative Law Judge David W. Engel on May 9, 2014. The ALJ issued a written decision denying benefits on May 27, 2014. The SSA Appeals Council denied review of that

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill—the Acting Commissioner of the Social Security Administration—is substituted as the defendant in this action.

decision. Consequently, the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 72(b)(3), the court "must determine *de novo* any part of [a] magistrate judge's disposition . . . properly objected to. The district judge may accept, reject, or modify the recommended dispositions; receive further evidence; or return the matter . . . with instructions." In the disability benefits context, *de novo* review is limited to determining "whether [ ] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonably mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quotation marks and citation omitted).

## III. Analysis

Plaintiff lodges a series of objections to the ALJ's residual functional capacity ("RFC") determination. RFC represents "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In making this assessment, "the ALJ must consider all of a claimant's impairments, whether or not they are 'severe.'" *Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009). Nevertheless, "there is no requirement . . . for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). RFC is an administrative determination, not a medical one. *See id.*; *Dixon v. Apfel*, 189 F.3d 477 (Table), 1999 WL 651389, at *2 (10th Cir. Aug. 26,

1999) ("RFC is an administrative determination made on the basis of all of the evidence in the record, not only the medical evidence."); 20 C.F.R. 404.1546(c) (vesting RFC determination in ALJs).

"An ALJ's RFC formulation must be supported by substantial evidence," *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008), including a "narrative discussion" which "cit[es] specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)" Soc. Sec. R. 96-8p, 1996 WL 374184, at *7. Substantial evidence supports the ALJ's RFC determination here.

*First*, Plaintiff objects that the ALJ failed to consider Dr. Snider's opinion, including a temporary total disability ("TTD") determination. As a threshold matter, "the concept of TTD is distinguishable from the requirements to establish disability under federal law." *See White v. Colvin*, No.15-CV-27-CVE-FHM, 2016 WL 1175492, at *4 (N.D. Okla. Mar. 23, 2016). Indeed, TTD determinations "constitute nonmedical opinion[s] on whether [a claimant] will be able to return to work, which is an issue reserved to the Commissioner." *See Wraspir v. Colvin*, No. CIV-14-409-F, 2015 WL 5822048, at *10 (W.D. Okla. Oct. 5, 2015) (citing 20 C.F.R. § 404.1527(d)(1), (3)); *see also Valdez-Powell*, No. 13-cv-3145-PAB, 2015 WL 5719646, at *5 (D. Colo. Sept. 30, 2015). To that end, "[s]uch opinions . . . are never entitled to controlling weight or given special significance." *See Duncan v. Colvin*, 608 F. App'x 566, 573 (10th Cir. 2015).

And the medical information in Dr. Snider's TTD opinion does not change the result. To start, subsequent evaluation by Dr. Snider revealed most of Plaintiff's symptoms to be in remission. [Doc. No. 9-6, p. 275]. And that which remained—lumbar discomfort—was neither described as disabling nor assigned permanent functional limitations. [Doc. No. 9-6, p. 275]. In

3

fact, the potential for further medical complications was purely speculative. [Doc. No. 9-6, p. 276] (explaining Plaintiff "may possibly be subject to recurrent problems"); 42 U.S.C. § 423(d)(1)(A) (defining "disability" as an "inability to engage in any substantial gainful activity" based on impairment "which can be expected to last for a *continuous* period of not less than 12 months") (emphasis added). That comports with the remaining medical evidence of record and accounts of Plaintiff's daily activities. *See Cleveland v. Callahan*, 124 F.3d 216 (Table) (10th Cir. 1997) (unpublished) (finding lack of substantial conflict between TTD determination and medical evidence of record). Accordingly, the ALJ's error—if any—was harmless.[2]

*Second*, Plaintiff objects that the ALJ improperly weighed the medical evidence of record. With respect to physical limitations, Plaintiff claims the ALJ failed to assign specific weight to the medical opinions of record. True, the record does not contain an express weighing. But that does not warrant reversal. The ALJ notes that "[a]lleged treating sources report no records on claimant" with respect to physical disability. [Doc. No. 9-5, p. 11]. In this way, "[t]he lack of impairments in the medical evidence" supports the ALJ's decision. *See* [*id.*]. More fundamentally, Plaintiff cannot establish prejudice. She identifies no medical opinion or evidence that would warrant additional functional limitations. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162–63 (10th Cir. 2012). To the contrary, the ALJ actually "tempere[ed] the extremes [of certain opinions] for the claimant's benefit," which defeats any claim of prejudice. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Accordingly, the ALJ's decision stands.

---

[2] Plaintiff also claims the ALJ failed to address Dr. Snider's "x-ray findings." [Doc. No. 16, p. 1]. But the ALJ did address a July 31, 2012 MRI performed at Dr. Snider's direction, which encompasses the findings Plaintiff claims the ALJ ignored. *See* [Doc. No. 9-5, p. 10]; [Doc. No. 9-6, pp. 278, 281–82]. And in any case, Dr. Snider notes the x-ray findings were by-and-large "unremarkable." [Doc. No. 9-6, p. 278]. That does not constitute reversible error. *See Yount v. Colvin*, No. 13-CV-498-GKF-TLW, 2015 WL 733908, at *4 (N.D. Okla. Feb. 20, 2015)

4

With respect to mental limitations, Plaintiff argues that the ALJ did not assess the impact of non-severe impairments. Not so. The ALJ discussed and credited the conclusion of state agency psychologists that Plaintiff's depression and anxiety were "non-severe" and "well[-]controlled with medication." [Doc. No. 9-5, p. 8]. Nevertheless, the ALJ still "imposed slight limitation[s] in the RFC for the[se] non[-]severe conditions." [*Id.*]. Plaintiff responds that the ALJ failed to account for notations regarding mental health treatment in 2011 and 2012. But those records note a prior diagnosis of depression, without any discussion of functional limitations. [Doc. No. 9-6, pp. 251, 256, 265, 320]. Absent evidence of limitation, mere "diagnoses by themselves are not significantly probative evidence the ALJ had to reject in order to find [claimant] was not disabled." *See Fulton v. Colvin*, 631 F. App'x 498, 501 (10th Cir. 2015). Therefore, "the ALJ did not need to discuss them." *See id.*[3]

Plaintiff also suggests the ALJ inadequately performed the Psychiatric Review Technique ("PRT") in assessing her mental limitations. But there is a difference between limited assessment and legally inadequate assessment. And Plaintiff offers no evidence or argument—besides a one-sentence innuendo—that the ALJ's opinion falls on the wrong side of the line. *See* [Doc. No. 16, p. 2] ("The Magistrate Judge also admits the ALJ's 'discussion of the PRT criteria was not extensive . . . .,' but finds it 'adequate and supported by substantial evidence.'"). The ALJ discussed Plaintiff's daily living, cognitive, and mental functioning, as well as the conclusions of state agency psychologists. [Doc. No. 9-5, p. 8]. And in his RFC determination, he limited claimant to "light and sedentary" work involving "simple [to] moderately detailed tasks." [*Id.* at 9]. In this way, Plaintiff provides—and the court discerns—no basis for reversal.

---

[3] In briefing below, Plaintiff also claimed the ALJ ignored a Psychiatric Review Technique ("PRT") report [Doc. No. 9-6, pp. 169–182]. Because it was unsigned and undated, the ALJ was not required to discuss the report or afford it any weight. *See Turner v. Colvin*, No. CIV-14-391-SPS, 2016 WL 866334, at *3 (E.D. Okla. Mar. 3, 2016).

*Third*, Plaintiff objects that the ALJ failed to discuss certain records of sinus- and hand-related pain. Upon review, neither was specifically discussed by the ALJ. But that does not warrant reversal. No evidence suggests—and Plaintiff fails to explain—"how these scattered . . . symptoms imposed any physical limitations . . . whatsoever, a failing that is particularly troubling in light of the contrary evidence." *See Timmons v. Astrue*, 360 F. App'x 984, 987 (10th Cir. 2010). To be sure, Plaintiff may experience sinus and hand discomfort. But discomfort does not equate to disability. Plaintiff has offered no evidence calling the RFC determination into question. *See Melendez v. Astrue*, 359 F. App'x 8, 11 (10th Cir. 2009). And the assessment is supported by the medical evidence of record and accounts of Plaintiff's daily activities—including, shopping, cooking, exercising, performing household chores, and providing home care for her father.[4] [Doc. No. 9-5, pp. 10–11]; *Timmons*, 360 F. App'x at 987. The ALJ was not required to believe her assertions to the contrary. *See Moser v. Astrue*, No. 09-2241-JWL, 2010 WL 3718541, at *7 (D. Kan. Sept. 14, 2010) ("[A]n ALJ need not accept [p]laintiff's allegations as true."). *Childers v. Colvin*, 2013 WL 3756571, at *6 (D. Kan. July 15, 2013) ("[T]he ALJ need not accept that testimony at face value in making the credibility determination."); *Walton v. Shalala*, 1993 WL 153938, at *9 (D. Kan. Apr. 30, 1993) ("Obviously, the ALJ need not accept only those facts favorable to the [P]laintiff's case.").[5]

Contrary to Plaintiff's suggestion, "mere[ ] technical omissions in the ALJ's reasoning do not dictate reversal." *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). "[C]ommon sense, not technical perfection" guides the court on review. *See id.* And "[n]o

---

[4] For similar reasons, the ALJ was not required to deem Plaintiff's sinus- and hand-related symptoms "severe."
[5] Plaintiff also contends that the ALJ improperly assessed her credibility in light of the medical evidence. But because that evidence would not alter her RFC, and the ALJ expressly discussed other evidence supporting his credibility determinations, reversal is not warranted.

principle of administrative law or common sense requires a remand" unless it "might lead to a different result. *See Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013) (quotation marks and citation omitted). That is simply not the case where, as here, evidence does not support the imposition of additional limitations in an RFC determination.

*Fourth*, Plaintiff objects to the ALJ's credibility determination. "Credibility determinations are peculiarly the province of the finder of fact[.]" *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008). Indeed, the "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here" because "[n]ot only does an ALJ see far more social security cases than do [reviewing] judges, he or she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion." *Barnard v. Colvin*, No. 13-CV-404-GKF-FHM, 2014 WL 3778558, at *7 (N.D. Okla. July 31, 2014) (quoting *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001)). Here, the ALJ's credibility determinations were "closely linked to substantial evidence," *see Cowan*, 552 F.3d at 1190.

Plaintiff complains that the ALJ ignored a third-party report submitted by her sister. That does not constitute reversible error. "While the ALJ did not explicitly discuss the statements of [claimant's] sister . . . we do not believe this omission is grounds for a remand given the nature of the[ ] evidence, which was largely cumulative[.]" *See Brescia v. Astrue*, 287 F. App'x 626, 630–31 (10th Cir. 2008). To that end, "the ALJ was not required to discuss the third-party report"—"[w]hile such a report may have marginally improved [P]laintiff's credibility, it would not have had an effect on the outcome of the case[.]" *See Carver v. Colvin*, No.12-CV-614-CVE-TLW, 2014 WL 1096375, at *8 (N.D. Okla. Mar. 19, 2014); *see also Wells ex rel. C.D.W. v. Colvin*, 2015 WL 773901, at *2–3 (N.D. Okla. Feb. 24, 2015) (affirming ALJ report that failed to discuss third-party report where cumulative and contradicted by medical evidence); *Rainwater*

*v. Colvin*, No. 15-CV-491-GKF-FHM, 2016 WL 6561298, at *3 (N.D. Okla. Nov. 4, 2016) (same)

***

In closing, the court offers a word about proper objections under Fed. R. Civ. P. 72(b). Many of plaintiff's objections to the Report and Recommendation are vague or underdeveloped. Rule 72(b), however, requires parties make specific, developed objections that articulate and identify prejudice—that is, harm which commands a different outcome on remand. And future objections that fail to do so will not be considered by the court. *See Keyes-Zachary*, 695 F.3d at 1161 ("[Claimant] also presents a number of subissues and arguments, many of them poorly developed. We will consider and discuss only those of her contentions that have been adequately briefed for our review."); *Miller v. Astrue*, 496 F. App'x 853, 855 (10th Cir. 2012) ("[Claimant] interjects numerous conclusory sub-issues and passing objections, many of which are poorly developed. We will consider and discuss only those . . . that have been adequately briefed[.]"); *McCaskill v. Colvin*, No. 12-CV-95-PJC, 2013 WL 1961771, at *10 (N.D. Okla. May. 10, 2013) ("For the most part, [claimant's objections] are one-sentence arguments that are undeveloped and perfunctory and that deprive the [c]ourt of the ability to meaningfully analyze them. They are therefore waived."); Fed. R. Civ. P. 72(b)(3) ("The district court must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*.") (emphasis added).

WHEREFORE, Plaintiff's Objections to the Magistrate's Report and Recommendation [Doc. No. 16] are overruled, and the Report and Recommendation [Doc. No. 15] is adopted.

IT IS SO ORDERED this 11th day of April, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT